IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO FRAZIER,  )  )     Plaintiff,  )  )  vs.  )  )  C/O RAMSEY,  )  SERGEANT WOLFE,  )  LIEUTENANT CONWAY, and  )  TRACY PEEK,  )  )     Defendants.  ) | Case No. 3:15-cv-00851-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Mario Frazier is currently incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Frazier has filed a complaint pursuant to 42 U.S.C. § 1983 against prison staff at Pinckneyville, alleging that two officers were deliberately indifferent to an asthma attack on May 31, 2015, and that another officer threatened Frazier for filing a grievance related to his asthma attack. (*Id.* at 3-4.) Frazier seeks "injunction relief" related to this suit, along with compensatory and punitive damages. (*Id.* at 4.)

This matter is now before the Court for a preliminary review of Frazier's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

On May 31, 2015, at 10:00 A.M., Frazier told Officer Ramsey that he was having trouble breathing, and Ramsey told Frazier to return to his cell. (Doc. 1 at 3.) Twenty minutes later, Frazier was still having respiratory problems, so he began pressing the alert button in his cell. (*Id*.) Fifteen minutes after that, Frazier told another inmate that he was having an asthma attack; the inmate allegedly reported this information to Ramsey, who told the inmate that Frazier would "be alright." (*Id*.) Frazier was still having asthma problems when the other inmate reported back to Frazier, so he continued to press the button in his cell. (*Id*.) At 12:24 p.m., Ramsey and Wolfe went to Frazier's cell. (*Id*.) Frazier's cellmate told the two that Frazier was having an asthma attack, and Ramsey and Wolfe ordered Frazier to walk to the health care unit. (*Id*.) Frazier arrived at 12:30 p.m. and was treated by Nurse Peek, who gave him a nebulizer and kept him in the infirmary for observation. (*Id*.) Frazier was released the next day. (*Id*.)

On June 2, 2015, Frazier wrote a grievance about Ramsey and Wolfe's delay in treating him. (*Id*.) Two days later, Lieutenant Conway approached Frazier and asked him if he wrote a grievance about his officers. (*Id*.) When Frazier responded that he did, Conway told Frazier that his officers "did their job," as the officers called the health care unit and someone at the unit said that Frazier had an asthma pump. (*Id*.) Conway then told Frazier "Let that be the last time you write a grievance." (*Id*.) That same day, Frazier wrote an internal complaint against Lieutenant Conway concerning his statement to Frazier related to Frazier's first grievance. (*Id*. at 4.)

On August 3, 2015, Frazier filed a complaint in this Court. (*Id*. at 1.)

## Discussion

Frazier's complaint focuses on medical claims against various prison staff, so the Court will start there (**Count 1**). To put forth a viable medical claim under the Eighth Amendment, Frazier must allege that officials were "deliberately indifferent to his serious medical needs." *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). This claim involves a two-part inquiry: the plaintiff must first

show that his condition "was objectively serious," and he must then allege that the defendants were deliberately indifferent towards his condition. *Id.*

For screening purposes, Frazier has alleged the existence of an objectively serious medical condition. An objectively serious condition is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Factors that indicate a serious condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Here, Frazier has alleged that he suffered an asthma attack that required admission to the prison's health care unit, and that is enough to put forth a serious need, at least for screening purposes. *See Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005) (noting that asthma "can be, and frequently is, a serious medical condition, depending on the severity of the attacks").

While it is a closer case, Frazier also has alleged that Ramsey was deliberately indifferent to his asthma attack. To be sure, deliberate indifference is a weighty state of mind requirement— allegations of "medical malpractice, negligence, or even gross negligence" do not "equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1012-13 (7th Cir. 2006). In this vein, a minor delay in referring a prisoner to treatment does not typically suggest deliberate indifference. *See*, *e.g.*, *Brown v. Darnold*, 505 F. App'x 584, 587 (7th Cir. 2013) (allegation there was a delay of two hours before treatment was given by another prison official did not suggest deliberate indifference); *Berry v. Peterman*, 604 F.3d 435, 442 (7th Cir. 2010) ("We do not suggest that a minor delay in treatment constitutes deliberate indifference."); *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995) (no viable Eighth Amendment claim because prisoner did not allege two hour delay caused him any harm, and that amount of time did "not seem like an unreasonably long wait to x-ray,

examine, and possibly cast" an injury). Where a prisoner alleges facts to suggest that the delay was willful or intentional, however, a prisoner *might* have a viable claim. *See*, *e.g.*, *Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009) (ruling that delay did not state a claim because there was no allegation of "willful ignorance or malice"); *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007) (affirming verdict where prisoner was delayed six hours in receiving treatment). Here, Frazier has alleged that Ramsey knew about his breathing difficulties but repeatedly failed to get him medical care, only transferring him to the health care unit after Frazier refused to relent. Those allegations are just enough to state an arguable claim at screening, so **Count 1** may proceed as to Ramsey.

While the allegations related to Ramsey assert an arguable claim, Frazier's Eighth Amendment claims against Wolfe and Peek must be set aside at the gate. Frazier says that Wolfe failed to follow internal rules and order a medical "code" for his breathing complications, but the failure to abide by prison policies does not in and of itself state a constitutional claim. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Once more, Wolfe's order that Frazier walk to the health care unit rather than have officials come to him suggests negligent conduct at best, and negligence does not amount to a violation of the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). Frazier has also named Peek as a defendant in this case, but he only says that she provided him with care when he was brought to the health care unit on May 31, 2015, and there is not even a whiff of an allegation that the care she provided was improper. Accordingly, **Count 1** must be dismissed without prejudice as to Sergeant Wolfe and Nurse Peek.

Frazier goes on to allege that Conway perjured himself when he told Frazier that his officers called the health care unit about Frazier during his asthma attack (**Count 2**). This claim is meritless: Conway could not have committed perjury because he was not under oath at the time of his

statement, *United States v. White*, 240 F.3d 656, 660 (7th Cir. 2001), and either way Frazier gives the Court no inkling as to how Conway's alleged lie violated his constitutional or statutory rights—a prerequisite for a § 1983 claim, *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). As such, **Count 2** must be dismissed without prejudice.

As his last claim, Frazier alleges that Conway retaliated against him when Conway told Frazier that his grievance concerning his asthma should be his last one against Conway's officers (**Count 3**). To state a retaliation claim, a prisoner must allege that he "engaged in activity protected by the First Amendment," that he "suffered a deprivation that would likely deter First Amendment activity in the future," and that the "First Amendment activity was at least a motivating factor" in the decision to take retaliatory action. *Hoban v. Godinez*, 502 F. App'x 574, 577 (7th Cir. 2012). While there is some doubt as to whether Conway's statement was the type that would deter a prisoner from engaging in further protected activity, Frazier's allegations are enough to put forth an arguable retaliation claim at this stage. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). As such, **Count 3** may proceed as to Lieutenant Ramsey.

One closing note is in order concerning a request for injunctive relief contained in Frazier's complaint—Frazier asks the Court to issue an order separating him from Conway during the pendency of this suit due to the statement Conway made in response to Frazier's initial grievance. The Court will construe this as a request for a preliminary injunction. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's request for injunctive relief will be referred to United States Magistrate Judge Donald G. Wilkerson, who shall resolve the request for relief and issue a report and recommendation. Furthermore, Acting Warden Jacqueline Lashbrook will be added to this case in her official capacity only, for the purpose of responding to any injunctive orders. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

**Disposition**

IT IS HEREBY ORDERED that COUNT 1 shall PROCEED against RAMSEY. COUNT 1 is DISMISSED without prejudice as to WOLFE and PEEK. Because there are no further claims against them, WOLFE and PEEK are DISMISSED from this case.

IT IS FURTHER ORDERED that COUNT 2 is DISMISSED without prejudice.

IT IS FURTHER ORDERED that COUNT 3 shall proceed against CONWAY. COUNT 3 shall also proceed against LASHBROOK at this time, but only in her official capacity to respond to injunctive orders issued by the Court. The CLERK is DIRECTED to add LASHBROOK as a defendant, but only in her official capacity as laid out above.

IT IS FURTHER ORDERED that the Clerk of Court shall prepare for Defendants RAMSEY, CONWAY, and LASHBROOK: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is DIRECTED to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **RAMSEY** and **CONWAY** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Defendant **LASHBROOK** should also enter an appearance and file an appropriate responsive pleading to the complaint to the extent the complaint requests injunctive relief.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's pending request for preliminary injunctive relief (Doc. 1) is **REFERRED** to Magistrate Judge Donald G. Wilkerson, who shall resolve the requests for injunctive relief and issue a report and recommendation. The period for filing any objections to Judge Wilkerson's report and recommendation shall not exceed **14 days** from the date of the report. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also **REFERRED** to Judge Wilkerson.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full

amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action.

**IT IS SO ORDERED.**

**DATED: August 25, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**