IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO FRAZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cv-851-NJR-DGW |
| | ) |
| C/O RAMSEY, LIEUTENANT CONWAY, | ) |
| and LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** the Motion for Summary Judgment filed by Defendants Conway, Ramsey, and Lashbrook (Doc. 21) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff, Mario Frazier, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). More specifically, Plaintiff alleges that while at Pinckneyville officers were deliberately indifferent to an asthma attack he suffered on May 31, 2015 and another officer

threatened Plaintiff for filing a grievance related to the incident. After an initial screening by the Court on August 25, 2015, Plaintiff was allowed to proceed on the following counts:

> Count 1: Eighth Amendment deliberate indifference claim against C/O Ramsey for failing to ensure Plaintiff received medical care in a timely manner on May 31, 2015 for an asthma attack.
>
> Count 3: Retaliation claim against Lieutenant Conway for threatening Plaintiff after he filed a grievance related to his May 31, 2015 asthma attack. Defendant Lashbrook is named as a defendant in this Count only in her official capacity for the purpose of responding to injunctive orders.

On February 11, 2016, Defendants Conway, Lashbrook, and Ramsey filed a Motion for Summary Judgment (Doc. 21) arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this suit pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq*. More specifically, Defendants argue that although Plaintiff submitted two grievances in relation to his asthma attack and the alleged retaliation from Lieutenant Conway, Plaintiff failed to exhaust his administrative remedies as he failed to appeal the institutional responses to his grievances to the Administrative Review Board ("ARB"). Plaintiff did not respond to Defendants' motion despite being provided adequate notice of the consequences of failing to respond (*See* Doc. 23).

As conceded by Defendants, Plaintiff submitted two grievances (dated June 2 and June 4, 2015) that relate to the claims in this lawsuit. His first grievance, dated June 2, 2015, complained about Defendant Ramsey's response, or lack thereof, to his May 31, 2015 asthma attack (Doc. 1, pp. 7-8). The Counselor responded to this grievance on June 3, 2015 (*Id.*). The Grievance Officer then responded to the grievance on June 25, 2015 and Chief Administrative

Officer ("CAO") concurred with the Grievance Officer's denial on June 27, 2015 (*Id*. at p. 15). Plaintiff indicated his intent to appeal this decision to the ARB on July 7, 2015 (*Id*.). However, there is no evidence that Plaintiff actually submitted anything to the ARB. Indeed, Sherry Benton, the Chairperson for the Office of Inmate Issues for the Illinois Department of Corrections (also known as the "ARB"), attested that the ARB had not received any grievances since 2010 from Plaintiff as of October 28, 2015 (Affidavit of Sherry Benton, Doc. 22-1, ¶ 8), as corroborated by Plaintiff's "IGRV Inmate History", the log of grievances filed by inmates maintained by the ARB (*See* Doc. 22-2, p. 2).

Plaintiff filed his second grievance on June 4, 2015 (Doc. 1, pp. 9-10). The Counselor responded on June 9, 2015 (*Id*.). The Grievance Officer then responded to the grievance on June 25, 2015 and the CAO concurred with the Grievance Officer's denial on June 27, 2015 (*Id.* at p. 14). Plaintiff again indicated his intent to appeal this decision to the ARB on July 7, 2015 (*Id.*). However, similar to his first grievance, there is no evidence that Plaintiff submitted anything to the ARB. Again, Defendants rely on Sherry Benton's attestation that there had been no grievances sent to the ARB by Plaintiff since 2010 (*See* Doc. 22-1, ¶ 8).

In conjunction with the filing of the Motion for Summary Judgment, Defendants filed a Rule 56 Notice on February 11, 2016 informing Plaintiff of the perils of failing to respond within the proper timeframe of thirty days (*See* Doc. 23). Defendants' Notice also informed Plaintiff that his failure to file a response by the deadline may, in the Court's discretion, be considered an admission of the merits of the motion (*Id.*). Despite receiving adequate Notice, Plaintiff has not responded to Defendants' Motion.

## CONCLUSIONS OF LAW

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. Ill. Admin. Code tit. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the

findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id*. § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*. Prisoners are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15

(citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(c). In this case, Plaintiff has not filed a response to Defendants' Motion for Summary Judgment. Plaintiff was properly notified of his responsibility to do so, and was given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey,* 544 F.3d 739.

Based on the evidence presented and arguments made, it is recommended that the Court find Plaintiff did not exhaust his administrative remedies prior to filing this suit. Plaintiff has provided no evidence to dispute Defendants' evidence and the assertions in Defendants' Motion. Accordingly, there is no evidence to show that Plaintiff fully exhausted his administrative remedies prior to filing this suit.

Based on the evidence before the Court, the Court finds that Plaintiff filed two grievances. However, it is apparent that neither the June 2 nor June 4, 2015 grievances exhausted Plaintiff's administrative remedies pursuant to Illinois Administrative Code § 504.850(f) prior to his filing this lawsuit. In particular, Plaintiff failed to provide any evidence showing he sent either of these grievances to the ARB for review. Despite the fact that Plaintiff signed the grievances on July 7, 2015 indicating he intended to appeal the CAO's decision to the ARB, evidence provided by Sherry Benton shows the ARB did not receive any grievance from Plaintiff in regards to this case. More specifically, nothing had been filed by Plaintiff with the

ARB since 2010. Plaintiff has not provided any evidence to the contrary. For these reasons, Plaintiff's June 2 and June 4, 2015 grievances are insufficient to establish exhaustion for Plaintiff's claims in this lawsuit.

## RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants (Doc. 21) be **GRANTED**; that the Court **FIND** Plaintiff did not exhaust his administrative remedies prior to filing suit; that this action be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATE: August 5, 2016**

                                       **DONALD G. WILKERSON**
                                       **United States Magistrate Judge**