IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO FRAZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-851-NJR-DGW |
| | ) |
| GREG RAMSEY, DUANE CONWAY, | ) |
| and JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 26), which recommends granting the Motion for Summary Judgment on the issue of exhaustion filed by Defendants Duane Conway, Jacqueline Lashbrook, and Greg Ramsey (Doc. 21). The Report and Recommendation was entered on August 5, 2015. No objections were filed.

### BACKGROUND

On August 3, 2015, Plaintiff Mario Frazier filed this action pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville") (Doc. 1). Specifically, Plaintiff alleges that officers were deliberately indifferent to his health and safety by failing to appropriately respond to his asthma attack on May 31, 2015, and that another officer threatened Plaintiff for filing a grievance related to the asthma attack (*Id.*). Plaintiff seeks injunctive relief, along with compensatory and punitive damages (*Id.*).

After preliminary review of his complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on two counts (Doc. 5). Count I alleges deliberate indifference as to Defendant Ramsey for failing to ensure Plaintiff received medical care in a timely manner for his asthma attack on May 31, 2015. Count II alleges a claim of retaliation against Defendant Conway for threatening Plaintiff after he filed a grievance related to that asthma attack. Defendant Lashbrook was named in her official capacity as a defendant in Count II for the purpose of responding to injunctive orders.

On February 11, 2016, Defendants Conway, Lashbrook, and Ramsey filed a Motion for Summary Judgment (Doc. 21) arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this suit pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq*. In the Motion for Summary Judgment, Defendants acknowledge Plaintiff submitted two grievances relevant to this lawsuit. The first grievance, dated June 2, 2015, complained about Defendant Ramsey's failure to respond appropriately to his asthma attack on May 31, 2015. This first grievance was responded to by Plaintiff's Grievance Counselor, the Grievance Officer, and the Chief Administrative Officer ("CAO"). The second grievance, dated June 4, 2015, complained about Defendant Conway's threat to Plaintiff for submitting the June 2 grievance. Like the first grievance, the June 4 grievance was responded to by Plaintiff's Grievance Counselor, the Grievance Officer, and the CAO. Despite Plaintiff's signature on both grievances indicating he intended to appeal the CAO's decision to the Administrative Review Board ("ARB"), Defendants claim Plaintiff never actually submitted his grievances to the ARB as required by the Illinois Administrative Code to exhaust all

administrative remedies. Plaintiff did not file a response to Defendants' Motion for Summary Judgment despite being warned of the consequences for failing to do so (Doc. 23).

On August 5, 2016, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 26). Objections to the Report and Recommendation were due on or before August 22, 2016. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b).

## DISCUSSION

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted by Defendants, as well as Magistrate Judge Wilkerson's Report and Recommendation. Magistrate Judge Wilkerson carefully laid out the documentary evidence and thoroughly discussed his conclusion that Plaintiff failed to exhaust his administrative

remedies when he never submitted his grievances to the ARB for review. Indeed, the only evidence before the Court is that Plaintiff did not appeal his grievances to the ARB and, in fact, has not filed anything with the ARB since 2010—well before he filed suit in this case. Plaintiff has provided no evidence to the contrary.

The Court finds the factual findings and rationale of the Report and Recommendation sound. It is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit; thus, the motion for summary judgment must be granted.

## Conclusion

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 26) and **GRANTS** the Motion for Summary Judgment on the issue of exhaustion filed by Defendants Conway, Lashbrook, and Ramsey (Doc. 21). Accordingly, this action is **DISMISSED without prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   September 26, 2016**

**NANCY J. ROSENSTENGEL**
**United States District Judge**